CLIFFORD D. SETHNESS (SBN 212975)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Telephone: 213.612.2500
Fax: 213.612.2501
*csethness@morganlewis.com*

Attorneys for Plaintiff
PACIFIC MARITIME ASSOCIATION

BETH A. ROSS (SBN 141337)
JACOB F. RUKEYSER (SBN 233781)
LEONARD CARDER LLP
1188 Franklin Street, Suite 201
San Francisco, CA  94109
Telephone: 415.771.6400
Fax: 415.771.7010
*bross@leonardcarder.com*
*jrukeyser@leonardcarder.com*

Attorneys for Defendants
INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION and ILWU LOCAL 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARITIME ASSOCIATION, | Case No. C 06 6148 WHA |
| Plaintiff, | Hon. William H. Alsup |
| v. | **STIPULATED JUDGMENT AND ORDER CONFIRMING AWARD** |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, et al., | |
| Defendants. | |

### **STIPULATION FOR JUDGMENT**

All parties hereby STIPULATE to the entry of judgment in favor of Plaintiff Pacific Maritime Association ("PMA") and against Defendants International Longshore and Warehouse Union ("IWLU") and International Longshore and Warehouse Union, Local 10 ("ILWU Local 10"), as follows:

1. This is action to enforce an arbitration award pursuant to a collective bargaining agreement. The Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2. On December 19, 2005, the Coast Arbitrator issued No. C-10-2005 (the "Award"), a true and correct copy of which is attached as Exhibit A.

3. Plaintiff PMA filed the instant lawsuit seeking an order confirming the Award.

4. Defendants ILWU and ILWU Local 10 agree to confirmation of the Award.

Dated: March 29, 2007  MORGAN, LEWIS & BOCKIUS LLP

By    /s/
Clifford D. Sethness
Attorneys for Plaintiff
PACIFIC MARITIME ASSOCIATION

Dated: March 29, 2007  LEONARD CARDER LLP

By    /s/
Beth A. Ross
Attorneys for Defendants
INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION, ILWU LOCAL 10

### JUDGMENT AND ORDER ENFORCING AWARD

Based on the foregoing STIPULATION of the parties, judgment is entered in favor of Plaintiff Pacific Maritime Association and against Defendants International Longshore and Warehouse Union and International Longshore and Warehouse Union, Local 10. The Award is CONFIRMED. Each party shall bear its own costs and attorney fees with respect to this action.

**IT IS SO ORDERED.**

Dated: March 30, 2007

_____
William H. Alsup
U.S. District Judge

JUDGMENT – C 06 6148 WHA

# Exhibit A

IN ARBITRATION PROCEEDINGS PURSUANT TO HE
COLLECTIVE BARGAINING AGREEMENT BETWEEN THE PARTIES

| | | |
|---|---|---|
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, | ] | C-10-2005 |
| | ] | OPINION AND DECISION |
| | ] | |
| Union, | ] | of |
| | ] | |
| and | ] | |
| | ] | JOHN KAGEL |
| | ] | |
| PACIFIC MARITIME ASSOCIATION, | ] | Coast Arbitrator |
| | ] | |
| | ] | |
| Employer. | ] | December 19, 2005 |
| | ] | |
| | ] | Palo Alto, California |
| Re: involving Employers' Motion No. 2 in minutes of CLRC Meeting No. 17-05 re Awards NCAA-05-2000, NCAA-18-2001 and NCAA-09-2003. | ] ] ] ] | |

APPEARANCES:

For the Union: Ray Ortiz, Coast Committee Member, ILWU

For the Employers: Thomas Edwards, Vice President, Contract Administration and Arbitration, PMA

ISSUE:

The Employers at CLRC meeting No. 17-05 moved that:

PMA
DEC 2 2 2005

1

> "ILWU Local 10 is in continuing violating of Section 17.57 by not abiding by the following Lines' Arbitration Awards: NCAA-05-2000, NCAA-18-2001 and NCAA-09-2003. The Employers move that ILWU Local 10, its officers and its members, be directed to implement and abide by Area Arbitration Awards Nos. NCAA-05-2000, NCAA-18-2001 and NCAA-09-2003."

Those awards found that Linesmen who left the job before tying up or letting-go a vessel to which they were dispatched were in violation of the PCLCD and directed they remain on the job until the vessel was tied up or let go, even if the tie up or let-go was delayed due to mechanical failure or other reasons. (Jt. Exs. 3-5)

Those Awards were not appealed. Since they were issued Linesmen have from time to time continued to leave a job during the 2003-2005 time period before a tie up or let-go on the same or similar grounds which they claimed to justify having done so which was found to be in violation of the PCLCD in the Awards. (Er. Ex. 1)

The Union's arguments in this case were those made to the Area Arbitrator in the prior Awards (Tr. 39) which it did not appeal. Under the PCLCD the Linesmen are required to abide by them barring a change in the Agreement which has not occurred. PCLCD Section 17.57 states : "All decisions of arbitrators shall be observed and/or implemented. ..."

The Union's contention that this case is not properly before the Coast Arbitrator under Section 17.262 lacks merit. This case before the Coast Arbitrator is not one concerning the interpretation of a local supplement; it is one involving the recognition of and requirement to follow properly issued Area Arbitrator decisions as required by Section 17.57.

PMA
DEC 2 2 2005

2

DECISION:

The Employers' motion is granted. ILWU Local 10, its officers and its members are directed to implement and abide by Area Arbitration Awards Nos. NCAA-05-2000, NCAA-18-2001 and NCAA-09-2003.

*[signature]*
Coast Arbitrator

PMA
DEC 2 2 2005

## PROOF OF SERVICE

I, Jason M. Steele, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. On March 29, 2007, I served the within documents:

**STIPULATED JUDGMENT AND ORDER CONFIRMING AWARD**

[x] by transmitting via electronic mail the document(s) listed above to the electronic mail address(es) set forth below on this date before 5:00 p.m.

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

[ ] by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for overnight delivery.

[ ] by causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth below.

>Beth A. Ross
>Jacob F. Rukeyser
>1188 Franklin Street, Suite 201
>San Francisco, CA 94109
>Telephone: 415.771.6400
>Fax: 415.771.7010
>*bross@leonardcarder.com*
>*jrukeyser@leonardcarder.com*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 29, 2007, at Los Angeles, California.

/ s /
_____
Jason M. Steele

JUDGMENT – C 06 6148 WHA